## Brackett v. VanCourt, Appellant.

*Principal and agent—Undisclosed principal—Committee of bond-holders—Liability for expenses.*

Where three persons constitute a protective committee for the bondholders of a corporation, and such persons employ another to conduct certain proceedings at law for the bondholders, and the latter expends money necessary for traveling expenses, telegraph messages, etc., in the course of his employment, the members of the committee are individually liable to reimburse him, if it appears that they never

revealed to him the names of the bondholders, that a considerable portion of the expenses were incurred before the date when the bonds were to be finally deposited with the committee, and that the committee had actually received a considerable sum of money from which fund they could have protected themselves from the claim in question.

Argued Oct. 14, 1914.    Appeal, No. 270, Oct. T., 1913, by defendant, from order of C. P. No. 2, Phila. Co., March T., 1913, No. 205, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Edward T. Brackett v. Howard M. VanCourt, E. Clarence Miller and Henry E. Woodman.    Before RICE, P. J., ORLADY, HEAD, HENDERSON, KEPHART and TREXLER, JJ.    Affirmed.

Assumpsit for moneys expended.
The opinion of the Superior Court states the case.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*Joseph deF. Junkin*, for appellants, cited: Markley v. Quay, 8 W. N. C. 145; Seyfert v. Lowe, 7 W. N. C. 39; German v. Moodie, 9 W. N. C. 221.

*Samuel W. Pennypacker*, for appellee, cited: Beymer v. Bonsall, 79 Pa. 298; Eichbaum v. Irons, 6 W. & S. 67; Beeson v. Lang, 85 Pa. 197; Lasher v. Stimson, 145 Pa. 30; O'Rourke v. Geary, 207 Pa. 240.

OPINION BY ORLADY, J., April 19, 1915:
The plaintiff seeks to recover $550.47, with interest, which sum represents money expended by him for traveling expenses, telegraph messages, etc., in conducting certain proceedings at law for bondholders of a corporation.

It is conceded that the expenses were necessary and reasonable in amount, and that the three named defendants were constituted by certain holders of bonds of

the Danbury & Harlem Traction Company a committee to represent the holders of the first mortgage bonds of that company, who were or might become parties to an agreement and by depositing the bonds held by them with such committee.

The three defendants issued a circular letter signed by themselves, as individuals, to the holders of the bonds, announcing that they had prepared a protective agreement in the interest of the bondholders, and at the request of any of them they agreed to act as a committee for the protection of such rights, and concluded the circular as follows: "In view of the possibility of hopeless disintegration and loss unless immediate and intelligent concerted action is taken by these bondholders, all such are urged to execute the enclosed agreement at once and deposit it with their bonds with the Republic Trust Company, Philadelphia, Pennsylvania, on or before May 31, 1908."

The statement of claim avers that the plaintiff "had no knowledge who these bondholders were, and had no direct communication with them or any of them." And the affidavit of defense replies as to this feature of the case, that the defendants were acting only as a committee and not individually, and the persons who were to be their principals were fully disclosed, or were open to disclosure at any time the plaintiff should desire and offered to furnish the list of the bondholders who were the real principals in the transaction.

The court below made absolute a rule for judgment for want of a sufficient affidavit of defense. It is not averred in the affidavit of defense that the defendants disclosed to the plaintiff the names of the principals for whom they were acting. The plaintiff's employment antedated the signing of the agreement by the bondholders, and considerable expense was incurred before the date fixed by the circular letter (May 31, 1908), when the bonds were to be deposited in the trust company in Philadelphia. The subsequent serv-

ices rendered by plaintiff were in the continuance of the same employment under the direction of the defendants as a committee. While the plaintiff knew he was acting under the direction of a committee composed of prominent lawyers, he did not demand the names of their principals, and he was satisfied to pay out his money for costs and traveling expenses on the faith of his employment by these defendants who were acting for principals he did not know, and they were satisfied that he should expend his private funds in the interest of their principals without disclosing to him the names of the persons they represented in this important litigation.

As far back as Eichbaum v. Irons, 6 W. & S. 67, it was held that the members of a committee appointed by a political meeting to provide a free dinner for a party, are personally liable for the bill. Which was followed in Beeson v. Lang, 85 Pa. 197.

The defendants assumed to act for undisclosed principals and employed the plaintiff to do the necessary work, which involved the right to incur necessary expenses, and which expenditures were in the interest of their undisclosed principals.

Under the terms of the agreement the committee was self-perpetuating, in case of death or resignation of a member, and they were given necessary power to represent, or act as agents or attorneys for bondholders, and to employ all necessary agents, attorneys, and other expert advisors, to the end that proper steps be taken to protect the bondholders' interests. The proceedings could only be instituted by the payment of fees and expenses, and when they directed the plaintiff to institute the suit they must stand between him and their undisclosed principals.

It further appears from the affidavit that the committee did receive the sum of $10,000, and purchased real estate therewith; from which fund in their hands they could well have protected themselves from this

claim, and paid the debt they had incurred by the plaintiff's expending his money.

It is also to be noted, this claim is only for necessary expenses paid by the plaintiff, and does not include any claim for the professional services rendered.

The judgment is affirmed.